```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

**KEVIN A. TOLLIVER,**

      **Plaintiff,**

    **vs.**                                        Civil Action 2:08-CV-722
                                                          Judge Sargus
                                                          Magistrate Judge King

**TERRY COLLINS, Director**
**O.D.R.C.,** *et al.***,**

      **Defendants.**

<u>**ORDER and**</u>
<u>**REPORT and RECOMMENDATION**</u>

      Plaintiff, a state inmate, filed the complaint on August 6, 2008, Doc. No. 4, and service of process was completed on August 8, 2008, Doc. Nos. 8, 9. On October 20, 2008, plaintiff filed a motion asking that defendants' default be entered and default judgment be granted, Doc. No. 10. On October 22, 2008, defendants filed a motion for leave to file their answer *instanter*, Doc. No. 11. Each party has filed a memorandum in opposition to the other's motion, Doc. Nos. 11, 13.

      In their motion for leave to file their answer *instanter*, defendants represent that their failure to timely respond to the complaint was a function of mis-calendaring by defense counsel. *Declaration of Mary Anne Reese*, ¶3, *Exhibit A* attached to Doc. No. 11.

      Default judgment "is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1983). Federal courts instead favor trials on the merits. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). The United States Court of Appeals for the Sixth Circuit has counseled that a trial court's discretion should be shaped by

consideration of possible prejudice to the plaintiff, the existence of a meritorious defense and an articulation of a "credible explanation for the delay [in answering] that does not exhibit disregard for the judicial proceedings." *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 194 (6th Cir. 1986).

Although plaintiff claims, in conclusory fashion, that he has been prejudiced by the failure of the defendants to answer in timely fashion, the record reveals no prejudice other than that attendant to full litigation of every claim. There is no indication that the defendants' delay in filing an answer resulted "in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987).

Defendants' answer, attached to Doc. No. 11, suggests that defendants have a meritorious defense. In this regard, "likelihood of success on the merits is not the measure." Rather, "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co.,* 705 F.2d at 845.

Finally, this Court concludes that the defendants' failure to timely file an answer was not the result of conduct so culpable as to warrant entry of default and default judgment.

Accordingly, defendants' motion for leave to file their answer *instanter*, Doc. No. 11, is **GRANTED**. The Clerk shall file defendants' answer, which is attached to Doc. No. 11.

It is **RECOMMENDED** that plaintiff's motion asking that defendants' default be entered and default judgment be granted, Doc. No.

2

10, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within ten (10) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994); *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).

November 6, 2008            *s/Norah McCann King*
                                        Norah M<sup>c</sup>Cann King
                          United States Magistrate Judge