IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN A. TOLLIVER,**

       **Plaintiff,**

   vs.                                         Civil Action 2:08-CV-722
                                                           Judge Sargus
                                                           Magistrate Judge King

**TERRY COLLINS, Director
O.D.R.C.,** *et al.***,**

       **Defendants.**

**OPINION AND ORDER**

This is a civil rights action in which plaintiff, a state inmate proceeding without the assistance of counsel, alleges that defendants[1] exposed plaintiff, against his will, to secondhand smoke in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. This matter is before the Court on the motion for joinder of parties filed by Robert O'Donnell, a state inmate. *Motion Requesting Permissive Joinder of Parties – Civil Rule 20(a)*, Doc. No. 34 ("*Motion for Joinder*").

**I. BACKGROUND**

On August 6, 2008, plaintiff filed this action alleging that he was involuntarily exposed to secondhand smoke even though he was housed in a "Tobacco Free Housing" unit at RCI, Unit 7A. *Complaint*,

---

[1] Plaintiff has sued the following defendants in their official and individual capacities: Terry Collins, director of Ohio Department of Rehabilitation and Correction ("ODRC"); Michael Sheets, Warden of Ross Correctional Institute ("RCI"); Charlene Payne, RCI's unit manager administrator; Cassie Johnson, RCI's unit manager for inmate housing facility number 7, which was a non-smoking facility at the time this action was filed; and unnamed corrections officers and staff members. *Complaint*, ¶¶ 5, 13-17, 32, Doc. No. 4.

¶¶ 31-43, Doc. No. 4. Plaintiff alleges that defendants' deliberate indifference resulted in his injury and subjected him to risk of violence from inmates who smoked in his unit and in the common areas. *Id*. at, *inter alia*, ¶¶ 7, 20, 45, 47-50, 55-58.

On February 11, 2009, Robert O'Donnell, currently incarcerated at RCI, filed a *Motion for Joinder*, seeking to join in this action as plaintiff. Mr. O'Donnell argues that the facts and questions of law upon which he relies are the same as those raised by plaintiff. *Motion for Joinder*, p. 1. Mr. O'Donnell also contends that the relief he seeks is identical to plaintiff's requested relief. *Id*. at 2. Mr. O'Donnell further alleges that he has exhausted his administrative remedies as to these claims. *Id*. at 1. *See also Affidavit of Robert W. O'Donnell (393-277) Supporting Civil Rule 20(a) Joinder*, ¶ 5, and copies of informal complaints, grievances and appeals attached thereto.

Defendants oppose Mr. O'Donnell's motion, contending, *inter alia*, that there is no evidence that plaintiff consents to joinder and that the *Motion for Joinder* is "devoid of the factual specificity necessary" to support joinder. *Defendants' (Collins, Sheets, Payne, Johnson) Memorandum in Opposition to Robert O'Donnell's Motion for Permissive Joinder*, p. 1, Doc. No. 35 ("*Memo. in Opp.*").

In reply, plaintiff states that he does not object to joinder and he and Mr. O'Donnell argue that their claimed rights arise out of the same event or series of events, namely, secondhand smoke at RCI. Doc. No. 37.

**II. STANDARD**

Federal Rule of Civil Procedure 20(a) governs permissive joinder and permits persons to join as plaintiffs in one action where two requirements are met:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A), (B). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The United States Court of Appeals for the Sixth Circuit has held that the terms "transaction" and "occurrence" are to be given a broad and liberal interpretation. *Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969). "The purpose of Rule 20(a) is to promote judicial economy and trial convenience." *Evans v. Midland Funding LLC*, 574 F. Supp. 2d 808, 811 (S.D. Ohio 2008) (quoting *Lee v. Dell Products, L.P.*, 3:06cv0001, 2006 U.S. Dist. LEXIS 75573, 2006 WL 2981301, *7 (M.D. Tenn. Oct. 16, 2006) (internal quotation marks omitted)).

**III. DISCUSSION**

Defendants contend that Mr. O'Donnell's factual claims are unique to him and that his health condition is different than plaintiff's condition. *Memo. in Opp.*, at 3. Defendants argue that other courts have denied joinder when, as here, a court has to sort out compliance

3

with exhaustion requirements for each plaintiff and claim; where difficulties arise regarding signing and possibly altering pleadings; difficulty in litigation collaboration; possibility of coercion exists and, here, Mr. O'Donnell will be forced to share his private medical records with plaintiff. *Id.* However, as plaintiff and Mr. O'Donnell point out, plaintiff does not object to joinder and Mr. O'Donnell has not expressed any concern with the possibility of sharing private medical information. More significantly, the rights asserted by plaintiff and Mr. O'Donnell arise from allegations of the dangers of secondhand smoke at RCI. Although defendants argue that there are differences between the conditions and experiences of plaintiff and Mr. O'Donnell, these alleged differences are not dispositive. Construing the terms "transaction" and "occurrence" broadly, *Alexander*, 414 F.2d at 147, the Court concludes that plaintiff and Mr. O'Donnell assert rights arising out of the same transaction or occurrence and that common questions of law and fact exist. Fed. R. Civ. P. 20(a). Permitting Mr. O'Donnell to join this action as a plaintiff will promote judicial economy and trial convenience. *Evans*, 574 F. Supp. 2d at 811.

**WHEREUPON**, Robert O'Donnell's *Motion Requesting Permissive Joinder of Parties - Civil Rule 20(a)*, Doc. No. 34, is **GRANTED**.


July 16, 2009                               *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge