**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KEVIN A. TOLLIVER**, *et al.*,

     **Plaintiffs,**

vs.

     Civil Action 2:08-cv-00722
     Judge Edmund A. Sargus, Jr.
     Magistrate Judge E. A. Preston Deavers

**TERRY COLLINS, Director
O.D.R.C.**, *et al.*,

     **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

This is a civil rights action in which Plaintiffs, Kevin A. Tolliver and Robert O'Donnell, state-prison inmates proceeding without the assistance of counsel, allege that Defendants[1] exposed them, against their will, to secondhand smoke in violation of their rights under the Eighth and Fourteenth Amendments to the United States Constitution.[2] This matter is before the Court for consideration Plaintiff Tolliver's Motion for Summary Judgment (Doc. 19), Defendants' Motion for Summary Judgment (Doc. 75), and Plaintiff's Motion to Compel Discovery and Extend Time to Complete (Doc. 65). For the reasons that follow, the undersigned **RECOMMENDS** that Plaintiff's Motion to Compel Discovery and Extend Time to Complete be

---

[1] Plaintiff Tolliver names in his Complaint the following Defendants in their individual and official capacities: Terry Collins, Director of Ohio Department of Rehabilitation and Correction ("ODRC"); Michael Sheets, Warden of Ross Correctional Institute ("RCI"); Charlene Payne, RCI's Unit Manager for Inmate Housing Facility Number Seven, which was a non-smoking facility at the time this action was filed; and unnamed corrections officers and staff members. (Tolliver Compl. ¶¶ 5, 13–17, 32.)

[2] Plaintiff O'Donnell is no longer in prison. Defendants have filed a Motion to Dismiss him (Doc. 85). The Court will address that Motion by separate order.

**GRANTED** and that the parties' motions for summary judgment be **DENIED WITHOUT PREJUDICE** to renewal upon the completion of discovery.

## I. BACKGROUND

During Plaintiff Tolliver's ("Plaintiff") incarceration, he was housed in unit 7A, a "Tobacco Free Housing" unit at RCI. Plaintiff alleges that he was moved to unit 7A after "serious altercations" with inmate smokers who were moved into the cell where Plaintiff was housed. (Compl. ¶ 28.) Plaintiff asserts that Defendants moved him to 7A to prevent physical violence from other inmates and to safeguard Plaintiff's health from the dangers of exposure to environmental tobacco smoke ("ETS").

After his move, Plaintiff states that he learned that 7A was not smoke-free, despite its classification as a tobacco free housing unit. He asserts that because Defendants refused to enforce 7A's no-smoking policy, officers, cellmates, and other inmates housed in 7A smoked, exposing him to ETS. Plaintiff alleges that this ETS exposure caused him to suffer various respiratory problems, including asthma, sinus problems, and diminished lung capacity. He further alleges that inmate health services is currently treating his respiratory problems and that his health records document his ETS-related health issues.

Plaintiff asserts that he and other inmates constantly complained about their exposure to ETS, both informally, through "kites" and verbal complaints, and formally, through grievances and lawsuits. In addition to the inmate complaints, Plaintiff asserts that Defendants were made aware that 7A's no-smoking policy was not being enforced through official reports and personal observation. On April 15, 2008, Plaintiff filed an Informal Complaint Resolution ("ICR"). (Defs.' Mot. for Summ. J. at Ex. A-1.) In this ICR, which was marked "received" by Defendant

Payne on April 15, 2008, Plaintiff states in pertinent part:

> The rules regarding possession and use of tobacco products in 7A are not being enforced. There is smoking in common areas and it travels from cell to cell during lock-down times.
>
> This is a clear violation of Ohio law and my constitutional rights.
>
> \* \* \*
>
> I have been having asthma and sinus problems that I have not experienced since childhood. That is to say that I am emotionally as well as physically effected by the failure to enforce the policy.

(*Id.*) Under the "action taken" section, it states that "Inmate Tolliver . . . is advised to bring this issue of concern to the attention of the Unit Manager of the unit, Ms. Cassie Johnson." (*Id.*) On April 25, 2008, Plaintiff filed a Notification of Grievance ("Grievance").[3] (*Id.*) In this Grievance, Plaintiff states:

> For well over a year I have been complaining about smoking in the non-smoking block (7A) as well as directly in front of the building . . . . [T]his very important issue affect[s] my health and rights.
>
> \* \* \*
>
> I am put at risk by this lack of action every time I must tell another inmate not to smoke in my presence, tell on an inmate for smoking in the block, or locking down when smoke freely travels through the vents and heat ducts.
>
> \* \* \*

(*Id.*) Plaintiff checked a box on the Grievance form representing that he would "experience a substantial risk of personal injury or serious, irreparable harm if [his] grievance [was] not

---

[3] Plaintiff also filed a Notification of Grievance asserting similar allegations directly to the Chief Inspector on April 23, 2008. In that Grievance, Plaintiff indicates that he attempted to informally resolve his stated issues with the Warden. The Chief Inspector, upon review of the Grievance, referred Plaintiff to the resolution of Plaintiff's earlier Grievance and took no additional action.

resolved immediately." (*Id.*)  On May 21, 2008, the inspector of institutional services, Robert Whitten, after reviewing Plaintiff's Grievance, indicated that he spoke with Defendant Johnson and Officer Gobel regarding efforts to enforce the no smoking rules in 7A.  He indicated that additional signs were posted and unit officers were instructed to issue conduct reports for smoking violations.  Mr. Whitten also suggested that RCI implement an institution-wide smoking cessation program designed to help inmates quit smoking and "improve the overall health of the inmate population."  (*Id.*)  On May 24, 2008, Plaintiff filed his Appeal to the Chief Inspector.  He indicated that "[s]aid disposition of grievance has not resolved anything . . . ."  He further identified two individuals in 7A who he represents are smokers, stated that he is placed "at risk of physical violence/retaliation" when he reports violations, and represented that he still is being assigned smokers as cellmates.  (*Id.*)  On June 27, 2008, the office of the Chief Inspector affirmed the disposition of Plaintiff's Grievance.

On August 6, 2008, Plaintiff filed the instant action, asserting an Eighth Amendment claim against Defendants based on his involuntary exposure to high levels of ETS.  On November 14, 2008, Plaintiff filed a Motion for Summary Judgment (Doc. 19). On August 21, 2009, Defendants filed their Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 60), and on November 16, 2009, Plaintiff filed his Reply (Doc. 66).  On November 04, 2009, Plaintiff filed a Motion to Compel Discovery and Extend Time to Complete (Doc. 65), and on December 28, 2009, Defendants filed their Memorandum in Opposition (Doc. 76).  Defendants also moved for summary judgment on December 28, 2009. (Doc. 75.)  On January 13, 2010, Plaintiff filed his Memorandum in Opposition to Defendants' Motion for Summary Judgment (Doc. 77), and on January 27, 2010, Defendants filed their Reply

(Doc. 81).

## II.  DISCUSSION

**A.   Plaintiff Tolliver's Motion for Summary Judgment**

Under Federal Rule of Civil Procedure 56(c), the Court should render summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant "bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law." *Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  In determining whether a moving party has met its burden, "[t]he evidence must be viewed in a light most favorable to the party opposing the motion, giving that party the benefit of all reasonable inferences." *Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007).   If the movant satisfies this burden, "the nonmoving party 'must present significant probative evidence' to demonstrate that 'there is [more than] some metaphysical doubt as to the material facts.' " *Longaberger*, 586 F.3d at 465 (quoting *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993)).

Plaintiff asserts a sole claim against Defendants, an Eighth Amendment claim based on his conditions of confinement.  Specifically, Plaintiff alleges that Defendants violated his Eight Amendment rights by subjecting him, and allowing him to be subjected, to excessive levels of ETS.  In their Memorandum in Opposition, in addition to raising the defenses of qualified immunity and failure to exhaust administrative remedies, Defendants assert that Plaintiff is not entitled to summary judgment because he failed to demonstrate that any Defendant was

deliberately indifferent to his risk of serious harm.

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement, including a duty to take reasonable measures to ensure the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A Plaintiff asserting an Eighth Amendment conditions-of-confinement claim must satisfy two elements. *Spencer v. Bouchard*, 449 F.3d 721, 727–28 (6th Cir. 2006). "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotation marks and citation omitted). Within the context of an ETS claim, "the plaintiff must establish that he has a serious medical need for a smoke-free environment, or that, regardless of his current health, the level of ETS in the prison creates an unreasonable risk of serious damage to his future health." *Palacio v. HofBaur*, 106 Fed.Appx. 1002, 1004 (6th Cir. 2004) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)) (internal quotation marks and citation omitted); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) ("[A] prisoner must show that his medical needs are sufficiently serious. * * * The exposure to smoke must cause more than a mere discomfort or inconvenience." (internal quotation marks and citation omitted)). "Second, the prison official's state of mind must be one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks and citation omitted). To satisfy the deliberate indifference requirement, an inmate must demonstrate that the prison official knew that the inmate faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* (internal quotation marks and citation omitted); *Helling*, 509 U.S. at 32. "For claims challenging the conditions of confinement, wantonness is equivalent to deliberate indifference[,] . . . [but] [m]ere negligence will not

suffice." *Taylor v. P. Boot*, 58 Fed.Appx. 125, 126 (6th Cir. 2003) (citations omitted).

The undersigned agrees with Defendants that Plaintiff has not, as a matter of law, demonstrated that Defendants acted or failed to act with the requisite deliberate indifference. Instead, the factual record is underdeveloped with regard to this component of Plaintiff's claim. Plaintiff, too, has acknowledged as much. For example, after Defendants filed their Memorandum in Opposition, but prior to filing his Reply, Plaintiff served written discovery upon Defendants and subsequently filed a motion to compel the discovery when Defendants failed to respond. (*See* Docs 65 and 65-1.) In addition, in responding to Defendants' deliberate indifference arguments, Plaintiff repeatedly noted that he requires additional discovery:

> None of plaintiff's properly requested discovery has been provided and there is a motion to compel production pending.
>
> \* \* \*
>
> Currently, plaintiff litigates under extreme prejudice of the defendants' refusals to turn over properly requested discovery. Hence some details are unavailable . . .
>
> \* \* \*
>
> [A]n important factor for consideration is [Defendants] have not actively participated in reciprocal discovery. Not one single requested document, interrogatory question, nor admission has been relinquished.
>
> \* \* \*
>
> [I]f plaintiff has failed to allege facts[s] of personal involvement of any defendant[,] it is solely due to defense refusal to provide long outstanding discovery. Again stating for the record that plaintiff is prejudiced by this failure . . . .

(Pl.'s Reply 2, 4, 7.)[4]

---

[4] Plaintiff, in his Complaint, also acknowledged his need for discovery. Specifically, he named "John & Jane Doe, Corrections Officers & Staff Members," representing that he would

7

Because Plaintiff has not, as a matter of law, demonstrated that Defendants acted or failed to act with the requisite deliberate indifference, the undersigned recommends that Plaintiff's Motion for Summary Judgment be **DENIED**.

**B.     Plaintiff's Motion to Compel**

In his Motion to Compel Discovery and Extend Time to Complete (Doc. 54), Plaintiff represents that Defendants ignored his discovery requests, which he submitted multiple times and followed up with correspondence. Plaintiff further represents that he was consequently forced to file the subject Motion to Compel, and he seeks additional time for review and follow-up. Defendants advance several reasons why they contend Plaintiff's motion should be denied. First, Defendants assert that denial is warranted because the Plaintiff's discovery requests are facially defective. Second, Defendants assert that discovery is inappropriate because they are entitled to qualified immunity. Third, Defendants contend that Plaintiff's request seeks information that Defendants have already provided. Fourth, Defendants assert that the discovery Plaintiff seeks breaches the privacy and security of the institution, is not relevant, and is burdensome. Finally, Defendants assert that Plaintiff failed to exhaust his administrative remedies. The undersigned addresses each of these arguments in turn.

    **1.     Facially Defective**

Defendants assert that the Court should not compel the requested discovery because it does not comply with Southern District of Ohio Local Civil Rule 26.1, which requires the party serving interrogatories, requests for production of documents, or requests for admission, to

---

"amend the complaint after discovery with specific names, positions, ranks and the causes of action they are accused of participation in." (Compl. ¶ 17.)

8

provide at least one inch of space after each such interrogatory or request. As Defendants note, examination of the discovery reveals that Plaintiff left only one-half inch after each interrogatory. This technical defect alone, however, does not persuade the undersigned to deny Plaintiff's Motion to Compel. Generally, because *pro se* litigants lack formal legal training, they are accorded lenient treatment. *Cf. Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (noting that a court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers"). The undersigned finds no reason here for requiring rigid enforcement of this non-substantive, technical formatting rule, especially given Defendants' failure to assert that Plaintiff's noncompliance in some way prejudiced them. Moreover, to the extent Plaintiff's failure to include an additional one-half inch in some way prejudiced or unduly burdened Defendants, they could have simply notified Plaintiff of the defect, leaving him the option to resubmit compliant discovery requests. Instead, Defendants ignored the requests, forcing Plaintiff to file a motion to compel. Under these circumstances, the undersigned rejects Defendants' first argument in opposition to Plaintiff's Motion to Compel.

    **2.    Qualified Immunity**

Next, Defendants assert that discovery is not appropriate because they are entitled to qualified immunity.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, --- U.S. ----, ----, 129 S.Ct. 808, 815 (2009). "Under the doctrine of qualified

immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "[Q]ualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id*. (internal quotation marks and citations omitted). The determination of whether a government official is entitled to qualified immunity involves two inquiries. *Miller v. Sanilac County*, 606 F.3d 240, 247 (6th Cir. 2010). "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Id*. (internal quotation marks and citations omitted). The Court need not consider these inquiries sequentially. *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009) (citation omitted).

  Applying this law to the instant case, the undersigned concludes that Defendants are not, at this juncture, entitled to qualified immunity. An inmate's right to be free from deliberate indifference to serious medical injury caused by excessive ETS exposure is clearly established. *See Helling v. McKinney*, 509 U.S. 25 (1993); *Reilly v. Grayson*, 310 F.3d 519 (6th Cir. 2002) (affirming district court's denial of qualified immunity, emphasizing an inmate's right to be free from exposure to second-hand smoke). As to whether or not Plaintiff has demonstrated that a constitutional violation occurred, the undersigned cannot, at this time, resolve this inquiry in light of the underdeveloped record. Plaintiff has sufficiently alleged an Eighth Amendment violation in that he has alleged that his ETS exposure caused serious medical injuries, and that

Defendants were made aware of this, but nevertheless failed to take reasonable measures to abate Plaintiff's excessive ETS exposure. The record before the Court, however, appears to be undeveloped with regard to the seriousness of Plaintiff's medical condition, the level of ETS to which he was exposed, the health risks related to that exposure, the knowledge of each Defendant, and the evidence relating to whether Defendants took sufficient action to protect Plaintiff. Because of these numerous factual issues, it would be premature to decide the issue of qualified immunity at this juncture. Accordingly, the undersigned rejects Defendants' second argument in opposition to Plaintiff's Motion to Compel.

### 3. Information Already Provided

Defendants assert that they have already provided responsive information in the Declaration of Defendant Johnson and the attachments thereto. This simply is not the case. *Compare* Plaintiff's Joint Request for Production of Discovery (Doc. 65-1) *with* Declaration of Cassie Johnson (Doc. 60-1). Thus, the undersigned rejects Defendants' third argument in opposition to Plaintiff's Motion to Compel.

### 4. Institutional Privacy and Security, Relevancy, and Burdensome.

Defendants assert that Plaintiff's discovery requests are "full of questions which would tend to breach the privacy and security of the institution by seeking records (including medical records) of inmates other than Plaintiff Tolliver." (Defs.' Mem. in Opp. to Pl.'s Mot. to Compel 3.) Defendants continue: "[s]imply stated, the request . . . seeks information that even Plaintiff did not find relevant . . . , that may tend to jeopardize institutional security and the privacy of other inmates, and which is burdensome for all four of these Defendants . . . ." (*Id.*)

Defendants fail to support any of these conclusory statements with specific examples of

11

the offending requests. The undersigned has reviewed the subject discovery requests and is unable to identify a single request that is burdensome or appears to breach the privacy and security of the institution. Plaintiff limits his requests to copies of only his and the other named-Plaintiff's medical records. Although he seeks copies of all smoking related informal complaints and grievances, to the extent this poses a security or privacy risk to the inmates, Defendants could redact any identifying information. Finally, the undersigned rejects Defendants' relevancy arguments. Federal Rule of Civil Procedure 26(b)(1) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Plaintiff's discovery requests satisfy Rule 26(b)(1). Contrary to Defendants' assertion, Plaintiff has not admitted that his pending discovery requests are not relevant. Rather, as set forth above, Plaintiff, in his Reply, indicated that he was prejudiced by Defendants' failure to respond to his discovery. *See supra* p. 7. Accordingly, the undersigned rejects Defendants' fourth argument in opposition to Plaintiff's Motion to Compel.

     **5.**      **Exhaustion of Administrative Remedies**

Finally, Defendants contend that discovery is not warranted because Plaintiff failed to timely exhaust his administrative remedies.

Under 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act ("PLRA"), "a prisoner confined in any jail, prison, or other correctional facility" may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (citation omitted)).

Plaintiff's conditions of confinement claim is based on his exposure to ETS. Review of Plaintiff's grievance history, as set forth above, demonstrates that Plaintiff properly exhausted his ETS exposure claim against Defendants. *See supra* p. 2–4. Accordingly, the undersigned rejects Defendants' final argument in opposition to Plaintiff's Motion to Compel.

For these reasons, Plaintiff's Motion to Compel (Doc. 65) is **GRANTED**. Defendants shall respond to Plaintiff's discovery requests within thirty (30) days of the date of this Order.

## C.     Defendant's Motion for Summary Judgment

Notwithstanding the pendency of Plaintiff's Motion to Compel, Defendants filed a Motion for Summary Judgment (Doc. 75). Plaintiff, in response to Defendant's Motion, directs the Court to his Reply in Support of his Motion for Summary Judgment (Doc. 66). (Doc. 77 at 2.) In his Reply, Plaintiff repeatedly asserts that Defendants' refusal to respond to his discovery requests has prejudiced his ability to respond the Defendants' arguments. (Pl.'s Reply 2, 4, 7.)

Under Rule 56, a nonmoving party must receive "a full opportunity to conduct discovery" in order to respond to a motion to summary judgment. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (internal quotation marks and citations omitted). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994) ("[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery.").

Summary judgment is clearly improper under this standard. Plaintiff has communicated his need for discovery. *See supra* p. 7. Further, Plaintiff has not been dilatory in his discovery efforts. Rather, Defendants have ignored Plaintiff's requests, forcing Plaintiff to file a motion to compel. As the Court previously noted, the record appears to be underdeveloped with regard to the seriousness of Plaintiff's medical condition, the level of ETS to which he was exposed, the health risks related to that exposure, the knowledge of each Defendant, and the evidence relating to whether Defendants took sufficient action to protect Plaintiff. Because Plaintiff is entitled to conduct discovery on these issues prior to the Court's consideration of Defendants' Motion for Summary Judgment, the undersigned recommends that Defendants' Motion be **DENIED WITHOUT PREJUDICE** to renew upon the completion of discovery.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Discovery and Extend Time to Complete (Doc. 65) is **GRANTED.** Further, the undersigned **RECOMMENDS** that the parties' Motions for Summary Judgment (Doc. 19 and 75) be **DENIED WITHOUT PREJUDICE** to renewal upon the completion of discovery.

### IV.    PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


July 6, 2010                                                            /s/ *Elizabeth A. Preston Deavers*
                                                                            Elizabeth A. Preston Deavers
                                                                            United States Magistrate Judge