UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN A. TOLLIVER,** *et al.*,

    **Plaintiffs,**

vs.

    Civil Action 2:08-cv-00722
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge E. A. Preston Deavers

**TERRY COLLINS, Director**
**O.D.R.C.,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

On March 19, 2010, Defendants filed an Amended Motion to Dismiss Robert O'Donnell as a Party Plaintiff (ECF No. 85) seeking dismissal under Federal Rule of Civil Procedure 12(b)(6). On November 3, 2011, the Court ordered Plaintiff O'Donnell to notify the Court within fourteen days of whether he opposes dismissal or intends to pursue this litigation. (ECF No. 110). The Court cautioned Plaintiff O'Donnell that his failure to respond to this Order would be interpreted as abandonment and result in the dismissal of his claims. To date, Plaintiff O'Donnell has not responded to the November 3, 2011 Order, filed a brief opposing dismissal, or otherwise pursued this litigation.

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiff's O'Donnell's action pursuant to Federal Rule of Civil Procedure 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Fed. R. Civ. P. 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may

move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Link v. Walbash R. Co.*, 370 U.S. 626, 629–31 (1962).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

Here, the Court's November 3, 2011 Order provided Plaintiff O'Donell with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied him with a reasonable period of time to comply with the Order.  Because Plaintiff O'Donnell failed to respond to the Order or otherwise pursue this litigation, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's action under Rule 41(b).

The Clerk of Court is **DIRECTED** to send a copy of this Order to Robert O'Donnell, 8448 Silverbell Ave., Galloway, Ohio 43119.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


December 3, 2010                                              /s/ *Elizabeth A. Preston Deavers*
                                                                          Elizabeth A. Preston Deavers
                                                                          United States Magistrate Judge