# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KEVIN A. TOLLIVER,** *et al.***,**

    **Plaintiffs,**

                            Civil Action 2:08-cv-722
    v.                          Judge Edmund A. Sargus, Jr.
                            Magistrate Judge E.A. Preston Deavers

**TERRY COLLINS, Director**
**O.D.R.C.,** *et al.***,**

    **Defendants.**

## ORDER

This is a civil rights action in which Plaintiff, Kevin A. Tolliver, a state-prison inmate proceeding without the assistance of counsel, alleges that Defendants[1] exposed him, against his will, to secondhand smoke in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. This matter is before the Court for consideration Plaintiff's Motion for Leave to Amend Complaint and Appoint Counsel (ECF No. 117), Plaintiff's Motion Requesting Stay of Proceedings and Status Conference (ECF No. 130), and Defendants' Memoranda in Opposition (ECF Nos. 128 and 132). For the reasons that follow, Plaintiff's Motions are **DENIED.**

---

[1]Plaintiff Tolliver names in his Complaint the following Defendants in their individual and official capacities: Terry Collins, Director of Ohio Department of Rehabilitation and Correction ("ODRC"); Michael Sheets, Warden of Ross Correctional Institute ("RCI"); Charlene Payne, RCI's Unit Manager for Inmate Housing Facility Number Seven, which was a non-smoking facility at the time this action was filed; and unnamed corrections officers and staff members. (Tolliver Compl. ¶¶ 5, 13–17, 32.)

## I. BACKGROUND

More than three years ago, on August 6, 2008, Plaintiff filed the instant action against Defendants based on his alleged involuntary exposure to high levels of environmental tobacco smoke ("ETS"). On August 6, 2010, the Court denied the parties' cross motions for summary judgment. Plaintiff now seeks appointment of counsel and to amend his Complaint to add additional claims and defendants. He did not attach a proposed amended complaint. He did, however, specify that his amended complaint would include claims against unidentified individuals for their failure to diagnose and treat him, as well as retaliation claims for complaints he has filed. Plaintiff also asks this Court to hold a status conference and to stay the case until such time the conference is held. Plaintiff asserts that a conference is necessary because Defendants transferred him to a location where it is more difficult for visitations to take place with his daughters in retaliation for his filing of grievances and this action.

Defendants oppose Plaintiff's Motions. Defendants assert that permitting Plaintiff to amend at this late stage "would unreasonably delay and unduly prejudice them in their opportunity to file dispositive motions . . . ." (Defs.' Mem. in Opp. 2, ECF No. 128.) Defendants add that Plaintiff's proposed claims are only "loosley connected" and would "require evidence on an entirely different set of facts." (*Id*.) Defendants further maintain that denial is appropriate because his proposed claims are not plausible and would not survive a motion to dismiss. Defendants oppose Plaintiff's request for a status conference and stay, asserting that his transfer did not constitute retaliatory conduct.

## II. PLAINTIFF'S MOTION TO APPOINT COUNSEL

At this juncture, Plaintiff's Motion to Appoint Counsel is **DENIED WITHOUT**

**PREJUDICE** to refiling following the disposition of dispositive motions, if any. A plaintiff does not have a constitutional right to counsel in a civil matter. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted). Although the Court has the statutory authority to appoint counsel in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to extraordinary situations. *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist in this case, and has determined that the appointment of counsel is not warranted at this juncture.

## III. PLAINTIFF'S MOTION FOR A STAY AND A CONFERENCE

Plaintiff's Motion Requesting Stay of Proceedings and Status Conference is **DENIED**. (ECF No. 130.) Plaintiff's transfer to another institution does not compel this Court to stay the case and schedule a conference. A plaintiff has no liberty interest in being confined to any particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison . . . ."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison . . . ."). Further, such a transfer, without the existence of foreseeable consequences inhibiting a plaintiff's ability to access courts, does not qualify as an adverse action sufficient to sustain a First Amendment retaliation claim. *See Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (setting forth the elements of a First Amendment retaliation claim, including the requirement that there be an adverse action), *and Siggers–El v. Barlow*, 412 F.3d 693, 701–02 (6th Cir. 2005); *Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003) (quoting *Mandela v. Campbell*, No. 97-5712, 1999 WL 357825, at *3 (6th Cir. May 26, 1999)) ("We have repeatedly held that transfer from one prison to another prison

'cannot rise to the level of an "adverse action" because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights.'").

## IV. PLAINTIFF'S MOTION TO AMEND

The Court exercises its discretion to **DENY** Plaintiff's Motion to Amend. In considering a motion to amend, the Court generally will "freely give leave when justice so requires" pursuant to Federal Rule of Civil Procedure 15(a). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)); *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)) ("Factors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment.").

In this case, allowing Plaintiff to amend his Complaint at this late stage to assert entirely new, unrelated, or only tangentially-related claims against new defendants would require the parties to engage in additional discovery, causing unreasonable delay and undue prejudice to Defendants. Plaintiff filed his Complaint more than three years ago. Further, Plaintiff's motion is not sufficiently particular as required by Federal Rule of Civil Procedure 7(b). Plaintiff has offered no explanation or justification for his delay in seeking to amend his Complaint. *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)) ("When amendment is sought at a late stage in

the litigation, there is an increased burden to show justification for failing to move earlier.") Nor did he attach a proposed amended complaint. *See Patterson v. Novartis Pharm. Corp.*, No. 10-5886, 2011 WL 3701884, at *3–4 (6th Cir. Aug. 23, 2011) (concluding that the district court did not abuse its discretion in dying the plaintiff's motion to amend his complaint where the request for leave was not sufficiently particular because the plaintiff had not included a proposed amended complaint or set forth the grounds for the amendment).

## V. DISPOSITION

For the reasons set forth above, Plaintiff's Motion for Leave to Amend Complaint and Appoint Counsel (ECF No. 117) and his Motion Requesting Stay of Proceedings and Status Conference (ECF No. 130) are **DENIED**.

**IT IS SO ORDERED.**

Date: October 14, 2011                  /s/ *Elizabeth A. Preston Deavers*
                                            Elizabeth A. Preston Deavers
                                            United States Magistrate Judge