UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN A. TOLLIVER,** *et al.*,

    **Plaintiffs,**

                                                          Civil Action 2:08-cv-722
    v.                                           Judge Edmund A. Sargus, Jr.
                                                       Magistrate Judge E.A. Preston Deavers

**TERRY COLLINS, Director
O.D.R.C.,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

This is a civil rights action in which Plaintiff, Kevin A. Tolliver, an Ohio inmate proceeding without the assistance of counsel, alleges that Defendants[1] exposed him, against his will, to secondhand smoke in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. This matter is before the Court for consideration Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 133.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**.

---

[1]Plaintiff Tolliver names in his Complaint the following Defendants in their individual and official capacities: Terry Collins, Director of Ohio Department of Rehabilitation and Correction ("ODRC"); Michael Sheets, Warden of Ross Correctional Institute ("RCI"); Charlene Payne, RCI's Unit Manager for Inmate Housing Facility Number Seven, which was a non-smoking facility at the time this action was filed; and unnamed corrections officers and staff members. (Tolliver Compl. ¶¶ 5, 13–17, 32.)

**I.**

On August 6, 2008, Plaintiff filed the instant action, asserting an Eighth Amendment claim against Defendants based on his alleged involuntary exposure to high levels of environmental tobacco smoke ("ETS").  More specifically, Plaintiff alleges that he was involuntarily exposed to secondhand smoke even though he was housed in a "Tobacco Free Housing" unit at Ross Correctional Institute ("RCI").  Plaintiff alleges that Defendants' deliberate indifference resulted in his injury and subjected him to risk of violence from inmates who smoked in his unit and in the common areas.  Plaintiff further alleges that he complained about the secondhand smoke for two years and exhausted his administrative remedies prior to filing this action.

On September 2, 2011, Plaintiff filed the subject Motion for Temporary Restraining Order and Preliminary Injunction.  Plaintiff speculates that he has been the victim of retaliation for filing the instant suit because he was transferred from RCI to Belmont Correctional Institution.  His motion contains a laundry list of requests, including assistance in having his typewriter fixed, guaranteed kosher meals, oversight of his medical care, and transfer to the prison of his choice.  Plaintiff asserts that if his Motion is not granted, "he will suffer extreme prejudice to his ability to litigate . . . and other constitutional violations will occur."  (Pl.'s Mot. 3, ECF No. 133.)

**II. STANDARD**

Plaintiff requests a temporary restraining order and a preliminary injunction.  Federal Rule of Civil Procedure 65(a) and (b) permit a party to seek injunctive relief when the party believes it will suffer immediate and irreparable injury, loss, or damage.  Fed. R. Civ. P. 65(a)

and (b).  Because Defendants were on notice of and responded to Plaintiff's Motions, the Motions are properly treated as ones for a preliminary injunction.  *See First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

A district court considering the extraordinary remedy of a preliminary injunction must consider and balance the following four factors:

> (1) whether the movant has shown a strong likelihood of success on the merits;
> (2) whether the movant will suffer irreparable harm if the injunction is not issued;
> (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).  "These factors are not prerequisites, but are factors that are to be balanced against each other."  *Id*.  "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."  *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citation omitted); *see also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

A movant's burden is even more difficult to satisfy where, as here, a prison inmate seeks an injunction to obtain affirmative relief beyond maintenance of the status quo.  *See* 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions . . . [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."); *Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary

injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.").

### III.   ANALYSIS

The undersigned recommends denial of Plaintiff's preliminary injunction motion because the relief he seeks and the bases for that relief are unrelated to the allegations in his Complaint. As the Supreme Court has explained, "[a] preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally," but is inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945).  Thus, Courts consistently deny motions for preliminary injunctions where the requested relief is unrelated to the conduct alleged in the complaint. *See, e.g.*, *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (denying preliminary injunction because "a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (denying preliminary injunction where the moving party failed to "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); *Ball v. Famiglio*, 396 F. A'ppx 836, 838 (3d Cir. 2010) (denying preliminary injunction where individuals whose conduct movant sought to enjoin were not named defendants and where most of the relief requested was unrelated to allegations in complaint).

Here, the bases on which Plaintiff seeks a preliminary injunction are unrelated to the claim raised in his Complaint regarding his alleged involuntary exposure to secondhand smoke. Indeed, the individuals from whom Plaintiff seeks relief are not named as defendants in this

4

action. The only request arguably related to Plaintiff's Complaint is his request for medical treatment for conditions arising from or exacerbated by his alleged exposure to secondhand smoke. With respect to this request, however, Plaintiff has failed to establish a likelihood of success on the merits or any risk of irreparable harm. Rather, Defendant has offered uncontroverted evidence establishing that Plaintiff has received and his receiving chronic medical care for his pulmonary condition. (*See* Weidman Decl. ¶¶ 5–7, ECF No. 136-2.) For these reasons, it is **RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction be **DENIED**. (ECF No. 133.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:  December 29, 2011                              /s/ *Elizabeth A. Preston Deavers*
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge