# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KEVIN A. TOLLIVER,** *et al.*,

    **Plaintiffs,**

                                  Civil Action 2:08-cv-722
    v.                             Judge Edmund A. Sargus, Jr.
                                    Magistrate Judge E.A. Preston Deavers

**TERRY COLLINS, Director**
**O.D.R.C.,** *et al.*,

    **Defendants.**

## DISCOVERY ORDER

This is a civil rights action in which Plaintiff, Kevin A. Tolliver, an Ohio inmate proceeding without the assistance of counsel, alleges that Defendants[1] exposed him, against his will, to secondhand smoke in violation of their rights under the Eighth and Fourteenth Amendments to the United States Constitution. This matter is before the Court for consideration Plaintiff's Final Notice of Delinquent Discovery Request for Sanction and Request for Appointment of Counsel. (ECF No. 141.) Through this Motion, Plaintiff seeks appointment of counsel and an order compelling Defendants to respond to his discovery requests. For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

---

[1]Plaintiff Tolliver names in his Complaint the following Defendants in their individual and official capacities: Terry Collins, Director of Ohio Department of Rehabilitation and Correction ("ODRC"); Michael Sheets, Warden of Ross Correctional Institute ("RCI"); Charlene Payne, RCI's Unit Manager for Inmate Housing Facility Number Seven, which was a non-smoking facility at the time this action was filed; and unnamed corrections officers and staff members. (Tolliver Compl. ¶¶ 5, 13–17, 32.)

## I. BACKGROUND

On August 6, 2008, Plaintiff filed this action alleging that he was involuntarily exposed to secondhand smoke even though he was housed in a "Tobacco Free Housing" unit at RCI, Unit 7A. Plaintiff alleges that Defendants' deliberate indifference resulted in his injury and subjected him to risk of violence from inmates who smoked in his unit and in the common areas. According to Plaintiff, he and other inmates complained about the secondhand smoke for two years prior to filing this action.

On August 21, 2009, Plaintiff submitted discovery requests to Defendants, including requests for production of documents. After Defendants ignored Plaintiff's requests, he moved to compel their responses on November 4, 2009. (ECF No. 65.) Defendants advanced several reasons why they contended Plaintiff's motion to compel should be denied, all of which the Court rejected in its July 7, 2010 Order. (ECF No. 97.) The Court rejected Defendants' assertion that the requested documents were burdensome and would breach the privacy and security of the institution because Defendants failed to support these conclusory arguments with specific examples. Following the Court's July 7, 2010 Order, Defendants responded to Plaintiff's discovery requests, but refused to fully respond to two of Plaintiff's document requests, again objecting on the grounds that the requested information was burdensome, lacked relevance, and breached institutional safety and security.

In the subject Motion, Plaintiff again moves to compel Defendants' responses to two of his August 21, 2009 requests for production of documents. Specifically, Plaintiff asserts that Defendants failed to fully respond to his request for copies of all RCI smoking related informal complaints and grievances and his request for administrative rules and procedures for each of

ODRC's institutions. Defendants oppose Plaintiff's Motion. With regard to the first request, Defendants again assert that the request is burdensome and breaches institutional safety and security. Defendants explain that approximately 700 informal complaints and 200 grievances are filed at RCI each year. Defendants also add that Plaintiff's first requests is overbroad because Plaintiff seeks documentation going back as far as 2001, far outside the timeframes of the claims in this action. With regard to the second request, Defendants argue that insofar as Plaintiff seeks copies of policies from institutions other than RCI, his request is overbroad and lacks relevance. Defendants also note that their present counsel was not involved in this case until March 2011 and was unaware of any pending discovery issues until Plaintiff filed the instant Motion.

## II.  DISCUSSION

### A.  Plaintiff's Request for Appointment of Counsel

At this juncture, Plaintiff's request for appointment of counsel is **DENIED WITHOUT PREJUDICE** to refiling following the disposition of dispositive motions, if any. A plaintiff does not have a constitutional right to counsel in a civil action. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted). Although the Court has the statutory authority to appoint counsel in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to extraordinary situations. *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist in this case, and has determined that the appointment of counsel is not warranted at this juncture.

### B.  Plaintiff's Request for and Order Compelling Production

Plaintiff has moved the Court for an order compelling Defendant to respond to two of his requests for production of documents. Federal Rule of Civil Procedure 37 permits a party to

move for an order compelling disclosure or discovery. Determining the scope of discovery is within this Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). In other terms, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In considering the scope of discovery, the Court may balance a plaintiff's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

With regard to Plaintiff's request for production of copies of all RCI smoking-related informal complaints and grievances, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. The Court previously rejected Defendants' objections concerning institutional safety and security in its July 7, 2010 Order. The Court concluded that the requested documentation was relevant and that to the extent production of other inmates' complaints and grievances posed a security or privacy risk, Defendants could simply redact any identifying information. (*See* ECF No. 97 at 12.) Defendants raise no new arguments relating to institutional safety and security that persuade the Court to deviate from its prior holding. The Court does, however, agree with Defendants' newly-raised overbreadth arguments. Because this

4

lawsuit concerns Defendants' actions from July 2006 through July 2008, inmate grievances and complaints relating to smoking filed outside of these dates would not bear on or lead to other evidence bearing on any issue presented in the instant case. Thus, Plaintiff's request is overbroad in that it seeks this information from January 2001 through the present. The Court therefore **NARROWS** the scope of Plaintiff's request such that Defendants must produce RCI inmates' informal complaints, grievances, and appeals, with answers and resolutions to the same from July 2006 through July 2008 **WITHIN TWENTY-ONE DAYS OF THE DATE OF THIS ORDER**. As set forth above, Defendants may redact any identifying information that they believe may compromise institutional security or inmate safety.

With regard to Plaintiff's request for copies of policies from institutions other than RCI, the Court agrees with Defendants' assertion that his request is overbroad and lacks relevance. According to Plaintiff, however, he has not yet received a copy of RCI's policies, procedures, and administrative rules relating RCI's operation of the tobacco-free units. Instead, he asserts that he has only received ODRC's policy. Clearly, RCI's policies, procedures, and rules concerning the operation of its tobacco-free units are relevant to the instant action. Accordingly, with regard to the second request at issue, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**. Defendants must produce a copy of any policy, procedure manual, or administrative rules that would have been operative between 2006 and 2009 relating to RCI's operation of its tobacco-free units **WITHIN TWENTY-ONE DAYS OF THE DATE OF THIS ORDER**.

## III.  DISPOSITION

For the reasons set forth above, Plaintiff's Final Notice of Delinquent Discovery Request for Sanction and Request for Appointment of Counsel is **GRANTED IN PART AND DENIED IN PART**.  (ECF No. 141.)  Plaintiff's request for appointment of counsel is **DENIED**.  His request to compel production of documents is **DENIED IN PART AND GRANTED IN PART**.  Defendants must produce RCI inmates' informal complaints, grievances, and appeals, with answers and resolutions to the same from July 2006 through July 2008 **WITHIN TWENTY-ONE DAYS OF THE DATE OF THIS ORDER**.  Defendants may redact any identifying information that they believe may compromise institutional security or inmate safety from these documents.  Likewise, Defendants must produce a copy of any policy, procedure manual, or administrative rules that would have been operative between 2006 and 2009 relating to RCI's operation of its tobacco-free units **WITHIN TWENTY-ONE DAYS OF THE DATE OF THIS ORDER**.  The Court declines to award sanctions at this juncture.

**IT IS SO ORDERED.**

Date: December 30, 2011                           /s/ *Elizabeth A. Preston Deavers*
                                                                    Elizabeth A. Preston Deavers
                                                                    United States Magistrate Judge